# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KUBAL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DISCOUNT TIRE.COM et al., <br><br> Defendants. | CASE NO. 12-CV-1398- IEG (BGS) <br><br> **ORDER DENYING DEFENDANTS MICHELIN AND SANDERSON'S MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> [Doc. Nos. 3, 6] |

Before the Court are Defendants Michelin North America, Inc. ("Michelin") and Don Sanderson Ford, Inc. ("Sanderson")'s motions to dismiss Plaintiffs' First Amended Complaint as time-barred under California's statutes of limitation. [*See* Doc. Nos. 3, 6.] For the reasons below, the Court **DENIES** Defendants' motions.

## BACKGROUND

On November 5, 2009, Andrew Kubal died in an automobile accident in Winterhaven, California, and on October 27, 2011, his wife and two children, Plaintiffs Maria Kubal, Andrew Kubal, Jr., and Mary Ann Kubal, respectively, filed a complaint in Imperial County Superior Court asserting claims of negligence and products liability against certain named defendants (but not Michelin or Sanderson) as well as a number of unnamed Doe defendants. [*See* Doc. No. 1.] On November 3, 2011, Plaintiffs filed a similar complaint in the Superior Court of Maricopa County, Arizona, (the "Arizona complaint") against a similar array of defendants, but additionally Michelin and Sanderson. [*See, e.g.,* Doc. Nos. 6, 12.] The Arizona complaint was voluntarily dismissed on

- 1 - 12cv1398

March 20, 2012. [*See id.*]

On April 24, 2012, Plaintiffs filed their First Amended Complaint in Imperial County Superior Court, adding Michelin and Sanderson. [*See* Doc. No. 1 at 9.] On June 8, 2012, Defendants removed to this Court. [Doc. No. 1.] On June 15, 2012, Michelin filed a motion to dismiss the complaint as time-barred. [Doc. No. 3.] On June 18, 2012, Sanderson filed its own motion to dismiss the complaint as time-barred. [Doc. No. 6.] Plaintiffs filed oppositions to Defendants' motions on July 17, 2012. [Doc. Nos. 12, 13.] Defendants filed replies on July 23, 2012. [Doc. Nos. 14, 16.]

**DISCUSSION**

Dismissal on statute of limitations grounds is proper only if untimeliness appears beyond doubt from face of the complaint. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995).[1] In diversity cases, both "the length of the limitations period, and closely related questions of *tolling and application*, are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)  (emphasis in original), and thus where, as here, a district court "borrows the statute of limitations from California State law, California's procedure for relation back in the suing of fictitious defendants controls." *Provencio v. Vasquez*, 258 F.R.D. 626, 631 (E.D. Cal. 2009) (citing *Cabrales v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989)).  In so borrowing, "it is the duty of [district court] to ascertain from all the available data what the state law is and apply it . . . however much the state rule may have departed from prior decisions of the federal courts." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37 (1940).

Under California law, Plaintiff's claims are subject to a two-year statute of limitations. *See* Cal. Code Civ. P. § 335.1. As to relation back, "the general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the

---

[1] The parties variously attach, or request judicial notice of, a variety of extraneous materials. [*See, e.g.*, Doc. Nos. 6-2, 15.] The Court finds these materials unnecessary to the issues presented; thus, this motion was not treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). *See Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) ("a 12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that "nothing in the record suggest[s] reliance" on those extraneous materials.") (quoting *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 582 (9th Cir. 1983)).

original complaint is filed." *Woo v. Superior Court*, 75 Cal.App.4th 169, 176 (1999). But "[a] recognized exception to the general rule is the substitution under Section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." *Id*. (citing Cal Code Civ. P. § 474 ("section 474")). Where section 474 applies, "the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." *Woo*, 75 Cal.App.4th at 176 (citing *Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal.2d 596, 599 (1961)).

Here, it is undisputed both that the Plaintiff's original complaint was timely and alleged Doe defendants in accordance with section 474. It is further undisputed that Michelin and Sanderson were named in Plaintiff's First Amended Complaint, which was filed within the relation back period potentially afforded by section 474. [*See, e.g.,* Doc. No. 6 at 2-5.] The only dispute is whether section 474 in fact applies to relate the First Amended Complaint back to the filing of the original complaint. [*Id*.] Defendants argue section 474 does not apply for two reasons:

1. Defendants were not expressly substituted for Doe defendants; and
2. Plaintiffs purportedly knew of the Defendants as of the original complaint's filing.

[*Id.*][2] As discussed below, the Court finds neither reason persuasive here and thus Defendants' motions to dismiss are **DENIED**.

**1. Section 474 Applies Even Without Express Substitution**

Defendants argue that section 474 is inapplicable because Plaintiff failed to expressly substitute Defendants for Doe defendants, relying primarily on the Ninth Circuit's decision in *Anderson v. Allstate Insurance Co.*, 630 F.2d 677 (9th Cir. 1980). [*See, e.g,* Doc. Nos. 14 at 6-7; 16 at 4-5.] In *Andersen*, the Ninth Circuit, surveying then existing California decisions, noted the

---

[2] Michelin's opening brief fails to even mention section 474 focusing instead on the uncontested and irrelevant issue of reasonable diligence, *cf. McOwen v. Grossman*, 153 Cal.App.4th 937, 944 ("reasonable diligence is not germane to determining whether a Doe amendment was timely."). [*See* Doc. No. 3.] Only on reply does Michelin even acknowledge section 474. [*See* Doc. No. 16]. Though "the Court need not consider arguments raised for the first time in a reply brief," *see Makaeff v. Trump University, LLC*, 2011 WL 1872886, at *4 n.1 (S.D. Cal. May 16, 2011), Michelin's section 474 arguments simply parrot those raised in Sanderson's opening brief and similarly fail for all the reasons discussed herein.

1 sentiment that "'some discipline in pleading is still essential'" and held that a "district court was
2 not clearly wrong" in concluding amendment did not relate back where newly-named defendants
3 were added in an amended pleading, rather that expressly substituted for Doe defendants. *See*
4 *Anderson*, 630 F.2d at 683 (quoting Defendants' other primary authority, *Ingram v. Superior*
5 *Court*, 98 Cal.App.3d 483, 491 (1979)).

6 Since *Anderson*, however, California courts have been more lenient in applying the
7 requirements of section 474. *See, e.g.*, *Woo*, 75 Cal.App.4th at 176 (noting "the [California]
8 Supreme Court's liberal attitude toward allowing amendments of pleadings to avoid harsh results
9 imposed by a statute of limitations"); *General Motors Corp. v. Superior Court*, 48 Cal. App.4th
10 580, 593 (1996) ("the Supreme Court and the Courts of Appeal [of California] are uniform in their
11 view that section 474 is to be liberally construed.") (collecting cases); *Barrows v. Am. Motors*
12 *Corp.*, 144 Cal.App.3d 1, 7 (1983) ("the California Courts have been very liberal in permitting the
13 amendment of pleadings to bring in a defendant previously sued by fictitious name."); *Rowland v.*
14 *Superior Court*, 171 Cal.App.3d 1214, 1216 (1985) (acknowledging California's "well-established
15 policy of liberally allowing amendment to avoid the bar of the statute of limitations."); *McOwen v.*
16 *Grossman*, 153 Cal.App.4th 937, 942 (2007) ("the liberal interpretation of section 474 . . . is now
17 well-established.").

18 Under this liberal approach, California courts allow relation back even where plaintiffs fail
19 to strictly comply with section 474's Doe substitution procedure. *See, e.g.*, *Woo*, 75 Cal.App.4th
20 at 176 (courts "have been lenient in permitting" relation back notwithstanding "noncompliance
21 with the party substitution requirements of section 474"). Indeed, the court in *Woo*, faced with the
22 very situation presented here, held that claims against a new defendant first named in an amended
23 complaint still relate back to the original complaint even where plaintiff has made no attempt to
24 substitute for a previously named fictitious Doe defendant. *See id.* Thus, current California
25 interpretation runs directly contrary to Defendants' contentions; failure to substitute is not an
26 absolute bar to relation back under section 474. [*Cf.* Doc. No. 14 at 2, Sanderson's Reply
27 ("section 474 does not provide 'relation back' . . . unless the new defendant is substituted . . .").]
28 Moreover, this liberal approach to section 474 prevalent in California courts has been

recognized and endorsed by and across the Ninth Circuit. *See, e.g.*, *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 801 (9th Cir. 1986) ("[W]e do not agree that strict compliance with section 474 is required;" "California's policy in favor of litigating cases on the merits requires that the fictitious name statute be liberally construed."); *Reynolds v. Verbeck*, 2006 WL 3716589, at *4 (N.D. Cal. Dec. 15, 2006) ("the determination of whether the new defendants were added or substituted is left to the Court's discretion."); *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San Jose*, 1999 WL 1211672, at *8 (N.D. Cal. Dec. 6, 1999) ("post-*Anderson* federal cases take the position that strict compliance with section 474 is not required") (collecting cases).

Accordingly, district courts in California regularly apply section 474 even where defendants are newly-named in an amended complaint rather than explicitly substituted for Doe defendants. *See, e.g.*, *Halbert v. County of San Diego*, 2009 WL 1024577, at *2 (S.D. Cal. April 15, 2009) ("the court can apply the substantive relation-back feature of section 474 [even though] the plaintiff simply named a new defendant outright rather than substituting it for a Doe defendant.") (citing *Lindley*, 780 F.2d at 801-02); *Reynolds*, 2006 WL 3716589, at *4 (allowing claims "[a]lthough plaintiff made no attempt to comply with section 474."); *Leonard v. City of Oakland*, 1993 WL 341285, at *4 (N.D. Cal. Aug. 23, 1993) ("Although [plaintiff] has not explicitly substituted each of the six individuals defendants for a particular Doe . . . this court declines to elevate technical exactitude in Doe numbering over substance."); *San Jose Charter of the Hell's Angels*, 1999 WL 1211672, at *8 ("to dismiss Defendants on the technicality that Plaintiff failed to subtract them from the total number of "Does" originally alleged would be severe and inconsistent with a liberal interpretation of section 474.").

In line with this well-established California and federal precedent, the Court finds that Plaintiffs' failure to explicitly substitute Michelin and Sanderson for Doe defendants does not prevent relation back under section 474.

**2.     Defendants Fail to Establish Plaintiffs' Knowledge Beyond Doubt**

Defendants also argue that section 474 is inapplicable because Plaintiffs purportedly knew of Michelin and Sanderson as of the filing of the original complaint. [*See, e.g,* Doc. No. 14 at 3-4.] Though relation back under section 474 indeed requires ignorance of the Doe defendants'

1 involvement at the time of filing the original complaint, *see General Motors Corp. v. Superior Court* 48 Cal.App.4th 580, 587–588, 596 (1996), "ignorance" in this context "is broadly interpreted to mean not only ignorant of the defendant's identity, but also ignorant of the facts giving rise to a cause of action against that defendant." *Fuller v. Tucker*, 84 Cal.App.4th 1163, 1170 (2000). Moreover, "[t]he fact that the plaintiff had the means to obtain knowledge is irrelevant." *General Motors,* 48 Cal.App.4th at 596. Thus, here, in challenging Plaintiffs' alleged ignorance, Defendants bear the burden of establishing beyond doubt that as of the filing of the original complaint Plaintiffs actually knew the identity of Michelin and Sanderson as well as the their connection to the claims alleged. *Id.* at 594.

Defendants' challenge rests entirely on the fact that Michelin and Sanderson were named in the Arizona complaint, which was filed six days after the original complaint. [*See* Doc. Nos. 14, 16.] But even assuming that fact refutes Plaintiffs' ignorance as of the Arizona complaint's filing on November 3, 2011, it says nothing as to Plaintiffs' knowledge or ignorance as of the original complaint's filing approximately a week prior. Indeed, in the absence of any complementary direct or even circumstantial indicia, such limited temporal proximity amounts to mere hindsight speculation and thus cannot refute beyond doubt Plaintiffs' alleged ignorance at this early stage where the pled facts are taken as true and every inference must be drawn in Plaintiffs' favor. *Cf. McGowan*, 153 Cal.App.4th at 944-46 (ignorance under section 474 unresolved even at summary judgment). As such, the Court finds that Defendants' challenge to Plaintiffs' alleged ignorance fails to prevent relation back under section 474. *General Motors*, 48 Cal.App.4th at 596.

## CONCLUSION

For the reasons above, the Court hereby holds that section 474 applies to relate Plaintiffs' First Amended Complaint back to the filing of the original complaint. Accordingly, Defendants' motions to dismiss are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** August 23, 2012

**IRMA E. GONZALEZ**
**United States District Judge**