# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA KUBAL, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>DISCOUNT TIRE.COM, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 12-CV-1398-IEG (BGS)<br><br>**ORDER GRANTING DEFENDANT FLORES'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>[Doc. No. 55] |

Before the Court is Defendant Hugo Flores's motion for determination of good faith settlement under California Code of Civil Procedure § 877.6. [Doc. No. 55.] For the reasons below, the Court **GRANTS** Flores's motion.

## BACKGROUND

On November 5, 2009, Andrew Kubal was killed when his car collided with a truck driven by Gary Sharbono near Winterhaven, California. [*See* Doc. No. 1.] On October 27, 2011, Kubal's wife and two children filed a complaint in Imperial County Superior Court, bringing claims of negligence and products liability against several named defendants (as well as unnamed Doe defendants). [*Id.*] On April 24, 2012, Plaintiffs filed a First Amended Complaint ("FAC") adding several defendants, including Defendant Hugo Flores who allegedly sold a defective tire to

Sharbono.[1] [*Id.*] On diversity grounds, Defendants removed to this Court on June 8, 2012. [*Id.*] Flores's insurer filed a separate declaratory relief action in the District of Arizona ("Arizona action") to determine applicable liability limits under Flores's insurance policy. [Doc. No. 55-1 at 4.]

Plaintiffs and Flores have now reached a settlement of both actions. [Doc. No. 55-1 at 4.] Per the settlement, Flores's insurer will pay Plaintiffs at least $250,000 out of Flores's insurance policy,[2] with the precise amount to be determined in the Arizona action. [*Id.* at 4-5.] In exchange, Plaintiffs will release, and move to dismiss with prejudice, their claims against Flores. [*Id.* at 5.] By the present motion, Flores requests a determination under California Code of Civil Procedure § 877.6 that his settlement with Plaintiffs was made in good faith. [Doc. No. 55.]

## DISCUSSION

In a diversity case such as this, "the court applies federal law to procedural matters and the law of the state in which it sits to substantive matters." *ABF Freight Systems, Inc. v. U.S.*, 2013 WL 842856, at *3 (N.D. Cal. March 6, 2013) (citing *Erie Railroad Co v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). "'The major substantive provision [governing good faith settlement under California law] is section 877' of the California Code of Civil Procedure." *Id.* (quoting *Federal Savings and Loan Insurance Corp. v. Butler*, 904 F.2d 505, 511, (9th Cir. 1990). Under section 877, a "release, [or] dismissal . . . given in good faith before verdict or judgment . . . discharge[s] the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877.

"By contrast, 'section 877.6 [] is essentially a procedural statute,'" providing that a party to a settlement may move the court to determine whether the settlement was made in good faith. *ABF Freight Systems*, 2013 WL 842856, at *3 (quoting

---

[1] In their FAC, Plaintiffs also allege that Flores negligently failed to properly inspect, repair, and mount the allegedly defective tire on Sharbono's truck. [*Id.*]

[2] The balance of Flores's insurance policy is to be paid to the heirs of Sharbono in a separate settlement in the Arizona action. [Doc. No. 55-1.]

*Federal Savings*, 904 F.2d at 511); *see also* Cal. Civ. Proc. Code § 877.6. "Nonetheless, the Ninth Circuit has recognized that 'the addition of section 877.6(c) [made] a substantive modification . . . . [to] section 877," and thus, "[a]lthough the remainder of section 877.6 is procedural, and therefore not binding on the court, the Ninth Circuit has determined that there is no federal procedural impediment to a district court's entertaining 'a motion for an early determination of the good faith question,' and so such a motion can be properly brought before the court." *ABF Freight Systems*, 2013 WL 842856, at *3 (quoting *Federal Savings*, 904 F.2d at 511); *see also* Cal. Civ. Proc. Code § 877.6(c) ("determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . .").

Good faith under Cal. Civ. Proc. Code § 877.6 depends on "a number of factors . . . including": (1) a "rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) the "amount paid in settlement"; (3) the "allocation of settlement proceeds among plaintiffs"; (4) a "recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"; (5) the "financial conditions and insurance policy limits of settling defendants"; and (6) the "existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). But the "party asserting the absence of good faith carries the burden of proof." *Res-Care Inc. v. Roto-Rooter Services Co.*, 2011 WL 3610701, at *2 (N.D. Cal. Aug. 17, 2011); *see also* Cal. Civ. Proc. Code § 877.6(d). "On account of this burden, 'only when the good faith nature of a settlement is disputed' must the court 'consider and weigh the *Tech-Bilt* factors.'" *Res-Care*, 2011 WL 3610701, at *2 (quoting *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (Cal. Ct. App. 1987)). "That is to say, when no one objects, the barebones motion which sets forth the ground of good faith, accompanied by a

declaration which sets forth a brief background of the case is sufficient." *Marine Group, LLC v. Marine Travelift, Inc*., 2013 WL 416407, at *4 (S.D. Cal. Jan. 30, 2013).

Here, no party has objected or otherwise disputed the good faith nature of the settlement. Accordingly, the Court "need not evaluate the settlement under the *Tech-Bilt* factors." *Res-Care*, 2011 WL 3610701, at *2. Still, the Court has reviewed the settlement and is satisfied that it was made in good faith. Defendant Flores's liability is uncertain, [*see* Doc. No. 55-1 at 7 (recognizing "lack of evidence connecting sale" of tire to Flores], and aside from his insurance policy, Flores has "no other significant assets" with which to satisfy a judgment, [*id.* at 9]. Under the settlement, Plaintiffs will receive at least $250,000 from Flores's insurer, which appears reasonable given the uncertainty as to Flores's liability and ability to satisfy a judgment. Moreover, nothing in the record suggests collusion, fraud, or prejudice to the interests of non-settling defendants. Accordingly, the Court determines that the settlement was made in good faith.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Flores's motion and finds that his settlement with Plaintiffs was made in good faith.

**IT IS SO ORDERED.**

**DATED:** August 13, 2013

**IRMA E. GONZALEZ**

**United States District Judge**